IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID RAY ATWOOD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1414 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2011 conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed without prejudice for failure to exhaust.

*Background and Claims*

Petitioner reports that he was convicted of third-degree felony driving while intoxicated and sentenced to fifty years incarceration on August 31, 2011. The conviction was affirmed on direct appeal on April 4, 2013, and petitioner did not pursue discretionary review.

Petitioner states that he "recently" filed an application for state habeas relief with the state trial court; no specific dates are given. However, this Court's review of public records for the Texas Court of Criminal Appeals shows that no application for state habeas relief has been filed with that court regarding petitioner's conviction.

*Analysis*

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner has not filed an application for state habeas relief challenging the instant conviction with the Texas Court of Criminal Appeals, and his recently-filed application remains pending in the state trial court. Consequently, petitioner has not fairly presented his instant habeas claims to the Texas Court of Criminal Appeals, and the claims remain unexhausted. The record before this Court does not show that petitioner's claims would be subject to dismissal as barred by limitations if dismissed for failure to exhaust at this juncture, assuming petitioner proceeds without delay in filing a federal habeas petition following exhaustion in state court. Consequently, the record does not evince an absence of available state corrective process or circumstances that render such process ineffective to protect the rights of petitioner, and this case will be dismissed without prejudice for failure to exhaust.

*Conclusion*

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on May 23, 2014.

_____
Gray H. Miller
United States District Judge